10932

LAW v. SMITH

(113 S. E. 298)

1. PLEADING—MOTION FOR DIRECTED VERDICT ON GROUND OF IMPROPER AMENDMENT OF ANSWER DENIED, OBJECTION BEING WAIVED.—Where plaintiff submitted without objection to an amendment to a plea putting in issue the question of whether defendant was a bona fide purchaser of an automobile, the recovery and possession of which plaintiff sought, he waived his right to contend that it was not in issue, and his motion for directed verdict on that ground alone was properly refused.

2. CHATTEL MORTGAGES—ACTUAL KNOWLEDGE OF SUBSISTING MORTGAGE SUPERSEDES NECESSITY OF LEGAL RECORDING.—Where purchaser of automobile, before completed payment of the purchase price, was notified of a subsisting mortgage thereon, such actual knowledge superseded the necessity of a legal recording.

3. CHATTEL MORTGAGES—PLEA OF BONA FIDE PURCHASER NOT SUSTAINED, WHERE FULL PURCHASE PRICE NOT PAID.—Where purchaser of an automobile incumbered by unrecorded mortgage did not pay the full purchase price, he was not a bona fide purchaser as respects the mortgage.

Before MEMMINGER, J., Marion, April 1921. Reversed and remanded.

Action by W. P. Law against K. S. Smith. From judgment for defendant plaintiff appeals.

The fifth exception, referred to in the opinion, is as follows:

The presiding Judge erred in charging the jury as follows: "Now, the law says that in order to make a mortgage good against personal property, so you can take possession of it under that mortgage when it is not paid, it must be recorded in the county where the party giving the mortgage resides. So that Law's position is that he comes in here with a mortgage overdue and unpaid, having demanded the possession of the automobile or the money, both of which having been refused, he is entitled to get this automobile back, and that the jury confirm his right to the possession of it on the ground that Smith, or the man from whom Smith bought it, was a resident of Darlington County, where Mr. Law recorded his mortgage"—the error being that the jury were permitted to infer that the plaintiff had no right to the possession of the property in dispute under any circumstances, unless his mortgage was recorded in the county of the mortgagor's residence, and that the burden was on plaintiff to prove such fact.

*Mr. A. F. Woods,* for appellant, cites: *Purchaser for valuable consideration without notice:* 23 R. C. L. 240; 5 S. C. 90 Speers Eq. 20; 14 S. C. 90; 14 S. C. 318; 16 S. C. 587; 36 S. C. 212; 59 S. C. 146; 112 S. C. 77; 94 S. C. 345; 104 S. C. 345. *Distinction between domicile and residence:* 9 R. C. L. 539; 19 C. J. 395; 232 U. S. 619; 235 U. S 561; 37 S. C. 81.

*Messrs. Mullins & Hughes,* for respondent.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action of claim and delivery for the possession of an automobile, upon which the plaintiff claims to hold a chattel mortgage to secure a note for $725, dated July 14, 1920,

due 10 days after date, executed and delivered to him by one E. E. Dickson for the purchase price of the automobile. The complaint is in the usual form.

The answer contains a denial of the material allegations of the complaint, except the allegation of demand and refusal, which is admitted, and the following paragraph:

"That the defendant further alleges, and as a further defense, that he is a purchaser for value without notice, having purchased the property from one Dickson, who defendant is informed and believes was the agent for plaintiff in the sale and delivery of said property."

The plaintiff moved to strike out of the answer the following words in the paragraph quoted:

"Is a purchaser for value without notice."

Upon the hearing of the motion defendant's counsel conceded that the motion should be granted, and moved to amend the answer by substituting for the objectionable words the following:

"That the defendant purchased the car in question for value without notice, in that he examined the records and found no chattel mortgage or bill of sale against the car purchased."

The motion to amend was granted; the plaintiff making no objection thereto by motion to strike out or to make more definite and certain, demurrer, or otherwise, and has filed no exception to the order of amendment.

The evidence tended to develop the following facts: On July 14, 1920, Law, at Darlington, sold the automobile to Dickson for $725. Dickson gave him a check for that amount on a Marion bank, and at the same time executed and delivered the note and mortgage above referred to. The check upon presentation was not paid, and the mortgage was duly recorded in the R. M. C. office of Darlington County. There was an issue of fact whether Dickson was a resident of Darlington County or Marion County.

In August following Dickson drove the car to Marion and negotiations looking to a sale of the car to the defendant Smith were instituted. There was an issue of fact whether or not there was a complete sale, and also whether or not Dickson notified Smith of the mortgage to Law. Dickson testified that there was no sale; that he notified Smith of the mortgage, and that Smith offered him a check for $200 which he refused; that Smith then went off with the car to get the balance of the money, carrying with him the $200 check, and never came back, that he immediately notified Law, and this action resulted. Smith testified that he was to pay a certain price for the car, though he does not state what that price was; that Dickson owed him $200 in a horse trade, and agreed that that should be deducted; that in addition to this debt he paid Dickson in a check $200; that he was to pay Dickson a balance, which is not stated, but that Dickson gave notice at the stables that there was a mortgage upon the car in Darlington, and nothing more was paid. Dickson promptly notified Law of the transaction with Smith, and Law came to Marion, had Dickson arrested and jailed, and instituted this action.

At the close of all of the evidence the plaintiff moved for a directed verdict upon the ground that the undisputed evidence showed that the plaintiff was the owner of a recorded past-due mortgage, and that, as the plea of purchase for value without notice was not in issue by the pleadings, the only inference to be drawn from the evidence was that the plaintiff was entitled to recover. The motion was refused. The case was submitted to the jury, and a verdict in favor of the defendant was returned. The plaintiff has appealed.

The motion for a directed verdict was properly refused for this reason: The sole ground upon which it was made was that the plea of bona fide purchase

for value without notice was not in issue by the pleadings. It was not made, as it might have been, upon the ground that such plea was not sustained by the evidence. It is conceded that the answer originally did not put the plea in issue. The amendment allowed by the Court was scarcely less defective; but upon its allowance, the plaintiff interposed no objection by way of a renewal of his motion to strike the plea, by motion to make it more definite and certain, or by demurrer, and has taken no exception to the allowance of the amendment. Defective, then, as the statement of the plea was, the plaintiff has waived his right to contend that it was not in issue.

The effect, however, of charging as complained of in the fifth exception (which will be reported), was to confine the jury to the issue of the residence of the mortgagor, Dickson, and to exclude the issue of the establishment of the defendant's plea of bona fide purchaser. There was testimony tending to show that at the time of the alleged sale, Smith was notified of the Law mortgage, and according to his own statement was so notified before he completed payment of the purchase price. If believed by the jury, his actual knowledge would have superseded the necessity of a legal recording.

Again, Smith's statement was that Dickson had taken as part payment of the purchase price a pre-existing debt which he owed to Smith, and although Smith testified that he paid Dickson in cash $200 on the trade, in addition to surrendering the debt, Dickson testified that this was untrue. This raised an issue of fact. Even if Smith's statement is true, he did not pay in full the purchase money, which under *Black v. Childs,* 14 S. C. 318, is essential to the plea.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.